IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

March 2, 2012

RE:   REGINALD REAVES V. COMMONWEALTH OF PA, ETAL
      CA No. 11-5205

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Hart, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:
LINDA V. JERRY, Deputy Clerk

cc:   REAVES
      NEDURIAN

Courtroom Deputy to Judge Yohn

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD REAVES                          :        CIVIL ACTION
                                         :
                                         :
v.                                       :
                                         :
COMMONWEALTH OF PENNSYLVANIA, et al :     11-cv-5205

REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE                              February 29, 2012
2011

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual who is currently incarcerated at the State Correctional Institution Forest at Marienville, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

## I. FACTS AND PROCEDURAL HISTORY[1]:

On December 16, 1988, following a jury trial presided over by the Honorable Rita E. Prescott in the Court of Common Pleas of Delaware County, Pennsylvania., Petitioner, Reginald Reaves, was found guilty of robbery, aggravated assault and theft charges. The charges stem from an incident in the parking lot outside of the Ramada Inn in Tinicum Township, Delaware County on December 5, 1987. Reaves pulled open the driver's door of a car in which two woman were seated. He beat the woman in the driver's seat with a briefcase and after a struggle stole the car, while the second woman fled. On September 15, 1989, Reaves was sentenced outside of the guideline range to a term of imprisonment of 10 to 20 years for the robbery and a consecutive term of 2 to 4 years for aggravated

---

[1] Due to Reaves many filings in state court, some of which overlap, there are some discrepancies as to dates and the number of filings, as noted herein. However, none of these are relevant to or change the outcome of this Report and Recommendation.

assault, resulting in an aggregate sentence of 12 to 24 years.

On September 22, 1989, Reaves filed a Motion to Modify Sentence and by order dated September 27, 1989, the court vacated the sentence. New counsel was appointed and after conducting a hearing, on October 27, 1989, the court reimposed the aggregate sentence of 12 to 24 years imprisonment. This Delaware County sentence commenced on December 3, 1993 because Reaves was already serving a Philadelphia County sentence.

Reaves did not file a direct appeal. Instead, on September 28, 1989, Reaves filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq., in which he alleged ineffective assistance of his trial counsel. His appointed counsel filed an amended petition including nine claims. After holding two hearings, the PCRA court denied the motion. Reaves filed a Notice of Appeal, which the Superior dismissed on April 10, 1992 because Reaves failed to file a brief.

On October 29, 1992, Reaves filed a second PCRA petition. After a hearing before Judge Cronin, the PCRA court denied the motion on May 28, 1993. Reaves filed a state petition for writ of habeas corpus on June 18, 1993, which Judge Cronin also denied. The trial court issued an opinion dated September 24, 1993. See Respondent's Exhibit F. The Superior Court affirmed the dismissal of the petitions on March 17, 1994. Respondent's Exhibit G. The Pennsylvania Supreme Court denied allocatur on June 15, 1994.

Reaves filed a third PCRA petition in state court on January 26, 1995. After a hearing, the petition was dismissed for lack of merit on June 30, 1995. Reaves filed a Notice of Appeal on June 28, 1996, which the Pennsylvania Superior Court dismissed as untimely on September 27, 1996. Respondent's Exhibit I.

On September 17, 1996, Reaves attempted to file a direct appeal from the October 27, 1989 sentence. The Superior Court granted a motion to quash the appeal as untimely filed on April 21, 1998[2]. Respondent's Exhibit J.

According to the state court, Reaves also attempted to challenge the legality of his sentence by Petition for Writ of Habeas Corpus filed in the Pennsylvania Supreme Court in May 1997. The petition was denied on July 24, 1997. Respondent's Exhibit M at p. 3.

Reaves filed a fourth PCRA petition on September 18, 1995, which was dismissed as untimely in April 1998. Reaves filed a direct appeal from the dismissal, which was quashed in June 1998[3].

He filed a fifth PCRA petition on November 14, 1997[4], claiming that a greater than lawful sentence had been imposed. The petition was dismissed and Reaves filed an appeal in the Superior Court. Reaves also filed an amended petition on January 26, 1998, which the court dismissed on April 21, 1998. He filed an appeal of that dismissal on May 19, 1998. Respondent's Exhibit K. On December 11, 1998, the Superior Court dismissed both appeals for failure to file a brief. Respondent's Exhibit L.

On November 30, 2001, Reaves filed a sixth PCRA petition The petition was dismissed as untimely on February 6, 2002. Respondent's Exhibit M. On December 17, 2002, the Superior Court

---

[2] Judge Reuter referred to this Superior Court opinion as denying a second appeal of Reaves' third PCRA petition.

[3] This petition was not included in the procedural history set forth by the Respondent when answering the instant petition, but was included in the Report and Recommendation prepared by Judge Reuter in Civ. Action No. 07-4781.

[4] There is some confusion as to whether this was his fourth or fifth PCRA petition. According to the state court's opinion (Respondent's Exhibit K), this was Reaves' fourth PCRA petition.

3

affirmed the dismissal. Respondent's Exhibit N.

On June 7, 2004, Reaves filed a seventh PCRA petition. The petition was dismissed as untimely on November 30, 2004. Respondent's Exhibit P. Reaves filed a Notice of Appeal on January 6, 2005 and on May 11, 2005, the appeal was quashed by the Pennsylvania Superior Court as untimely. Respondent's Exhibit Q.

Reaves filed an eighth PCRA petition on October 25, 2005 and an amended petition on December 2, 2005. The petition was dismissed as untimely on February 26, 2006. A hearing was held by the trial court on September 13, 2006. Respondent's Exhibit T. On November 16, 2006, the Superior Court denied relief, finding the petition untimely. Respondent's Exhibit U.

Reaves filed another federal habeas petition in the Western District of Pennsylvania, which was transferred to the Eastern District on March 13, 2006 (06-cv-1108). On June 7, 2006, Judge Giles entered an order dismissing the petition without prejudice for failure to file on the correct form. (document # 3). The Third Circuit issued an Order denying Reaves' request for permission to file a second or successive petition, noting that such permission was not necessary because none of the federal petitions he had previously filed were addressed on the merits. The Third Circuit noted "[i]nstead, the petitions were either dismissed without prejudice for failure to exhaust state remedies, transferred to the district where the state court which imposed petitioner's sentence is located, voluntarily withdrawn prior to a final merits determination, or dismissed without prejudice for failure to return a completed, current standard form for filing a 2254 petition as directed by the court." (Document #4- July 7, 2006 Third Circuit Order[5]).

---

[5] According to this Order issued by the Third Circuit, it is evident that Reaves filed other federal petitions that were dismissed without prejudice. They do not change the recommendation in this case.

4

On November 30, 2007, Reaves filed another federal petition for writ of habeas corpus in the Eastern District of Pennsylvania. (07-cv-4781). Judge Reuter filed a Report and Recommendation. On July 11, 2008, Judge Giles adopted the Report and Recommendation and dismissed the petition as untimely. The U.S. Court of Appeals denied Reaves' request for a certificate of appealability, finding that the petition was untimely.

On March 22, 2010, the trial court issued an order denying another PCRA petition, which was filed on January 22, 2010 and had been captioned as "Petition for Writ of Habeas Corpus Ad Subjiciendum". The Court noted that this was the ninth PCRA petition filed in the case and that it was untimely and did not satisfy any of the exceptions. Respondent's Exhibit V.

Reaves filed the instant petition for writ of habeas corpus on August 18, 2011.

## II.   DISCUSSION:

Respondent argues that the petition is untimely and must be dismissed. Upon consideration of the record, this Court agrees that the petition is untimely. However, given that Reaves has had a prior federal habeas petition denied as untimely, we find that the current petition is second or successive. Therefore, this Court lacks jurisdiction to consider the instant petition.

Section 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, requires that a petitioner seek an Order from the Circuit Court authorizing the District Court to consider any second or subsequent habeas petition. See also Stewart v. Martinez-Villareal, 523 U.S. 637, 640 (1998)("[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application"). Reaves previously sought permission from the Third Circuit to file a second or successive petition. At that time, the Third Circuit dismissed his request noting that all of his prior

federal petitions had been denied or dismissed without prejudice. The federal petition for which he was seeking permission to file was also dismissed without prejudice. Therefore, when he filed his next federal petition it was still not necessary to seek permission from the Third Circuit. However, since then, Reaves filed yet another federal petition for writ of habeas corpus, which Judge Giles denied as untimely (07-cv-4781).

"Although a dismissal based upon the statute of limitations generally does not involve an examination of the merits of the underlying substantive claims, such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA." Nash v. Beard, 2006 WL 2988941, 2 (M.D.Pa.,2006), citing Villanueva v. United States, 346 F.3d 55, 58 (2d Cir.2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); United States v. Harris, 2002 WL 31859440, *3 (E.D. Pa. Dec. 20, 2002). "It has been well established that a dismissal of a habeas petition for being time-barred does indeed constitute a disposition of that petition on the merits, which renders a subsequent petition that attacks the same State court conviction to be "second or successive," and thus subject to the gatekeeping provision of section 2244(b)(3)(A)." Munchinski v. Wilson, 2009 WL 2750254, 5 (W.D. Pa., 2009) citing, Murry v. Greiner, 394 F.3d 78, 81 (2d Cir.2005). Therefore, Reaves' current petition is a second petition for purposes of § 2244(b)(3)(A). In order for this court to consider the instant petition, Reaves must obtain an Order from the Circuit Court authorizing the District Court to consider his current petition.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 29th day of February, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS SECOND OR SUCCESSIVE. Petitioner must obtain the permission from the Circuit Court before proceeding in the District Court. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

## **R E C O M M E N D A T I O N**

AND NOW, this 29th day of February, 2012, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS SECOND OR SUCCESSIVE. Petitioner must obtain the permission from the Circuit Court before proceeding in the District Court. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD REAVES | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al | : | 11-cv-5205 |

## ORDER

WILLIAM H. YOHN, JR, J.

AND NOW, this           day of                    , 2012, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED AS SECOND OR SUCCESSIVE; and

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
WILLIAM H. YOHN, JR., J.